IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEUNTAVIOUS-DECOREY ARNOLD, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 4:24-CV-320-P (BJ) |
| NAVY FEDERAL CREDIT UNION FOUNDATION, et al., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Deuntavious-Decorey Arnold ("Plaintiff") has filed a civil case. ECF No. 1. Resolution of preliminary matters was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and Miscellaneous Order No. 6. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new civil action.

B.   PARTIES

Deuntavious-Decorey Arnold is the Plaintiff. In the complaint, he lists numerous defendants, with the lead defendant identified as Navy Federal Credit Union Foundation. Compl. 1.

C.   LEGAL ANALYSIS

Plaintiff accompanied his complaint with a motion to proceed in forma pauperis. ECF No.2. The Court initially issued an Order and Notice of Deficiency noting several deficiencies in

the in forma pauperis motion and ordering him to either pay the applicable fees or re-file an in forma pauperis motion with "complete and accurate answers to all of the questions in the in-forma-pauperis application, and . . . explain any differences in the amounts listed in each section of the form." ECF No. 8. That order also directed that Plaintiff respond within 14 days from April 11, 2024, and warned Plaintiff that "failure to timely submit the fees or a fully completed application to proceed in forma pauperis within 14 days may result in the dismissal of Plaintiff's complaint without further notice." *Id.* (citing Rule of Civil Procedure 41(b)). Plaintiff has not responded. Because Plaintiff has wholly failed to respond, he has failed to comply with this Court's orders.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Because Plaintiff has failed to comply with this Court's deficiency order, this case may be dismissed for failure to comply with a Court order and for lack of prosecution under Federal Rule of Civil Procedure 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that that all of Plaintiff's claims be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States

Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

SIGNED April 29, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3